## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

**Linda Lea Baugh**                                                  **Plaintiff**

**v.**                           **No. 4:14-CV–252-SWW-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                              **Defendant**

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Susan W. Wright.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wright may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Linda Lea Baugh seeks judicial review of the denial of her third application for disability income benefits (DIB).[3] Baugh's second application was denied on May 16, 2011,[4] so this case considers whether Baugh was disabled beginning May 17, 2011 until December 31, 2011 when her insured status expired.[5] Baugh based disability on fibromyalgia, Raynaud's syndrome, and degenerative tissue disease.[6]

**The Commissioner's decision**. The challenged decision covers the time period May 17, 2011 to December 31, 2011. The Commissioner's ALJ identified fibromyalgia, Raynaud's disease, connective tissue disease, depression, and obesity as severe impairments.[7] The ALJ determined Baugh could have done some light

---

[3]SSA record at p. 244 ( applying on July 25, 2011 and alleging disability beginning Dec. 7, 2007), p. 171 (denying second application in which she also alleged disability beginning Dec. 7, 2007) & p. 251 (showing that she alleged disability beginning Aug. 19, 2005 in first application). *See also* cause no. 4:12cv364 (E.D. Ark. Aug. 14, 2013) (affirming decision denying second application).

[4]SSA record at p. 176.

[5]*See* 42 U.S.C. §§ 416(i), 423(c). "In order to receive disability insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status." *Pyland v. Apfel*, 149 F.3d 873, 877 (8th Cir. 1998).

[6]SSA record at p. 270.

[7]*Id*. at p. 89. "Raynaud's disease refers to a disorder in which the fingers or toes (digits) suddenly experience decreased blood circulation. It is characterized by repeated episodes of color changes of the skin of digits on cold exposure or emotional stress." L. Fleming Fallon & Laura Jean Cataldo, 5 The Gale Encyclopedia of Med.

work[8] and denied the application.[9]

After the Appeals Council declined to review,[10] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[11]  Baugh filed this case to challenge the decision.[12]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Baugh's allegations**.  Baugh raises several issues to challenge the decision: (1)

---

3696 (4th ed.).  There is no evidence of Raynaud's disease in the medical evidence generated during the time for which benefits were denied.

[8]SSA record at p. 91.

[9]*Id*. at p. 98.

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

she complains because the ALJ did not question her therapist about her global assessment of functioning (GAF) score; (2) she contends the ALJ considered only evidence supporting the decision; (3) she maintains the ALJ erred in evaluating her credibility; (4) she claims the ALJ should have included more limitations in defining her ability to work; and (5) she says the ALJ's hypothetical question omitted many of her limitations.[14]

**Applicable legal principles**.  The ALJ's determination about a claimant's ability to work must be supported by medical evidence; a claimant's subjective allegations are not enough to prove she is disabled.[15]  Baugh submitted medical evidence covering over ten years, but little of it addresses the time period for which benefits were denied.  The most probative evidence is evidence generated shortly before May 17, 2011 (the day after the denial of the second application[16]) until shortly

---

[14]Docket entry # 10.

[15]42 U.S.C. § 423 (d)(5(A); *Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003); 20 C.F.R. §§ 404.1508 & 416.908.

[16]*Hulsey v. Astrue*, 622 F.3d 917, 924 (8th Cir. 2010) ("The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings. This doctrine applies to administrative agencies on remand.").

after December 31, 2011 (the day insured status expired).[17] Evidence that was

generated outside those times is probative only to the extent it bears on the severity

of Baugh's condition before insured status expired.[18]

**Treatment records reflect no disabling symptoms**.   Baugh's primary

complaint is pain.[19]  Baugh saw her primary care physician (PCP) five times during

the time period for which benefits were denied.  During her visits, she complained

about pain.[20] Despite the complaints, the PCP recorded no physical limitations.  He

described Baugh as stable and appearing healthy.[21]  This description suggests no

disabling symptoms.

Four months prior to the time period for which benefits were denied, the

advanced practice nurse who treats Baugh for fibromyalgia and connective tissue

---

[17]*Roberson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007) ("Evidence is material if it is 'relevant to claimant's condition for the time period for which benefits were denied.'"); *Jones v. Callahan*,  122 F.3d 1148, 1154 (8th Cir. 1997) ("An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition.").

[18]*Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984).

[19]SSA record at p. 117, 119, 122, 125, 287, 296, 310 & 316.

[20]*Id*. at p. 377 (Aug. 25, 2011), p. 377 (Oct. 4, 2011), p. 407 (Oct. 31, 2011), p. 405 (Nov. 16, 2011) & p. 403 (Dec 12, 2011).  Baugh also saw a dermatologist for complaints of itchy skin.  *Id*. at p. 420 (Dec. 1. 2011).

[21]*Id*. at pp. 404 & 408.

disease told Baugh that stretching and range of motion exercises are the best thing she can do for her pain.[22]  The provider told Baugh to keep moving — something Baugh says she can't do.[23]

According to agency medical experts, fibromyalgia limits Baugh to light work light work involving occasional climbing, balancing, stooping, crawling, and kneeling.[24]  The ALJ's physical work limitations is consistent with medical expert assessment.[25]  Only Baugh's allegations detract from this determination.

**Inconsistency undermines Baugh's credibility**.  "The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole."[26]  Baugh underwent a mental diagnostic evaluation mid-way during the time period for which benefits were denied.  She presented with a cane,[27] but she had no cane when she saw her PCP two weeks later.  The PCP described her gait as normal.[28]  Walking with a cane and walking without a cane two weeks later constitutes inconsistent presentation.

---

[22]*Id*. at p. 490.

[23]*Id*.

[24]*Id*. at pp. 369-76 & 425.

[25]*Id*. at p. 91.

[26]*Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

[27]SSA record at p. 379.

[28]*Id*. at p. 408.

Baugh told the mental examiner that she cannot drive,[29] but during the same time period, she reported that she takes her disabled daughter to/from work and medical appointments.[30]  Reporting an inability to drive while driving reflects inconsistency. Baugh stated that her daughter is disabled and needs assistance with just about everything,[31] but she also stated that her daughter assists her with grooming, household chores, and cooking.[32]  Baugh's reports about her daughter's abilities and her activities are inconsistent.   The inconsistencies support the ALJ's credibility evaluation.

**Baugh's GAF score lacks probative value**.  Evidence must be relevant and probative of the claimant's condition for the time period for which benefits were denied to support a remand.[33]  An interviewing mental health provider generated the relied-upon GAF three months after insured status expired.[34]  No reason existed for asking the provider about the GAF score because the score does not address Baugh's

---

[29]*Id*. at p. 380.

[30]*Id*. at pp. 118 & 312.

[31]*Id*. at p. 289 & 313.

[32]*Id*. at pp. 120, 153-54, 291 & 314.

[33]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[34]SSA record at p. 712.

functioning during the time period for which benefits were denied.

The GAF score does not bear on this case. Instead, the mental diagnostic examiner's report bears on this case. According to the examiner, Baugh may be moderately impaired in her ability to attend and sustain concentration on tasks, but she demonstrated no difficulty in comprehending and carrying out simple or complex tasks; she did not appear to be limited in her ability to cope with typical demands of basic work like tasks.[35] Mental health experts reported that Baugh could do work involving tasks learned and performed by rote, few variables, little judgment, incidental interpersonal contact, and simple, direct, concrete supervision.[36] The ALJ's mental limitations are consistent with the examiner's report.[37]

**Vocational evidence supports the decision**. A vocational expert's testimony constitutes substantial evidence supporting a decision if it is based on a a hypothetical question capturing the concrete consequences of the claimant's impairments.[38] The ALJ questioned a vocational expert using a hypothetical question capturing the

---

[35]*Id*. at p. 380.

[36]*Id*. at pp. 384 & 426.

[37]*Id*. at p. 91.

[38]*Perkins v. Astrue*, 648 F.3d 892, 901-02 (8th Cir. 2011); *Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010); *Lacroix v. Barnhart*, 465 F.3d 881, 889-90 (8th Cir. 2006).

consequences of Baugh's impairments.[39]   Baugh maintains the ALJ omitted many of

her limitations,[40] but her complaint is based on allegations the ALJ determined were

over-stated.   A "vocational expert need only consider impairments supported by

substantial evidence in the record and accepted by the ALJ as true."[41]   The vocational

expert identified food prep worker or cook helper, cleaners like maids and

housekeepers, and hand packager as representative work.[42]

### Conclusion and Recommendation

The vocational evidence shows work exists that Baugh can do regardless of

whether such work exists where she lives, whether a job vacancy exists, or whether

she would be hired if she applied for work.[43]   Because such work existed before

Baugh's insured status expired, she is not entitled to DIB.   Substantial evidence

supports the ALJ's decision.   The ALJ made no legal error.   For these reasons, the

---

[39]SSA record at p. 162.

[40]Baugh maintains the ALJ should have included fatigue; back, knee pain, and joint pain; weakness, numbness, and pain in the arms and legs; the inability to relate to co-workers, deal with the public, deal with stress, maintain concentration and attention, behave in an emotionally stable manner, and relate predictably in social setting; anxiety; depression; and medication side effects.  Docket entry # 10, p. 21.

[41]*Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001).

[42]SSA record at pp. 162-63.

[43]42 U.S.C. § 1382c(a)(3)(B).

undersigned magistrate judge recommends denying Baugh's request for relief (docket entry # 2) and affirming the Commissioner's decision.

Dated this 8th day of June, 2015.

_____
United States Magistrate Judge